[Civil No. 833. Filed March 26, 1904.]

[76 Pac. 478.]

CHARLES MacRITCHIE et al., Plaintiffs and Appellants, v. HELENA STEVENS et al., Defendants and Appellees.

1. JUDGMENT—ACTION TO SET ASIDE—SICKNESS OF ATTORNEY—SHOWING—SUFFICIENCY.—In an action to set aside a judgment of foreclosure complainants alleged that they were non-residents of Arizona, that they relied exclusively upon their attorney for information as to what occurred in the local courts, and that they were ignorant of the entry of the said judgment until two years thereafter; that their attorney at the date of the entry of judgment was sick and not in a condition of mind and body to properly attend to their business, and did not know of the entry of judgment; that shortly after the entry thereof he died. The name of the attorney appeared both in the answer and the agreed statement of facts, and the transcript of the minute entries shows his presence in court in their behalf on the day when the case was submitted, and also on the day when the judgment was rendered. There was no evidence to sustain the allegations respecting the attorney's incapacity, his ignorance of the fact of judgment, or concerning the time of his death. *Held,* that no sufficient showing was made to entitle complainants to have the judgment set aside.

2. SAME—SAME—EQUITY—WHEN WILL INTERFERE.—Courts of equity will not interfere to grant relief against a judgment unless it appears that the party complaining could not avail himself of his defense in the action, or that he was prevented from doing so by fraud, accident, or mistake, without fault or negligence on his part.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—MUST RELATE SOLELY TO THE CASE APPEALED.—On appeal in an action to set aside a judgment assignments of error alleged to have been committed in the trial of the action sought to be set aside cannot be considered.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

W. H. Griffin, for Appellants.

J. E. O'Connor, for Appellees.

DAVIS, J.—On February 11, 1902, Charles MacRitchie and John Nichol brought an action in the district court of Pinal County against the appellees, Helena Stevens, Mary Truman, Margaret Phy, and W. C. Truman, sheriff, to set aside a judgment of said court, entered on February 27, 1900, foreclosing a mortgage on certain lands in said county, and also to restrain the sheriff from proceeding with the sale of said lands under said judgment. As grounds for the relief thus sought, the plaintiffs alleged their ownership of the real estate affected, that they were without knowledge of the rendition of said judgment, that the same was based upon various errors of law and fact, and that a sale thereunder would cast a cloud upon their title. The complaint was answered, and there was a trial upon the issues, which resulted in a judgment on May 9, 1903, denying to the plaintiffs the relief for which they prayed. The appeal is from this judgment.

Of the ten assignments of error contained in the brief of the appellants, only the seventh is entitled to consideration under the rules of this court. This assignment alleges: "The court erred in refusing to set aside the judgment of February 27, 1900, on the ground that the defendants then—plaintiffs and appellants now—had no knowledge of the pendency of the action, and were deprived of an earlier defense to the judgment." The foreclosure suit in which the judgment of February 27, 1900, was entered, was No. 936 upon the records of the district court. The appellees, other than the sheriff, were the plaintiffs in that case. Charles MacRitchie, Americus L. Pogue, and Edwin P. Drew were the defendants therein. It does not appear, however, that the appellant John Nichol was a party to the suit, or that he was in any position to be affected by the judgment therein. The record shows that an answer was filed and a defense made on behalf of the defendants MacRitchie and Pogue, and that the case was submitted to the court upon an agreed statement of facts, signed by the attorneys for the respective parties. The name of W. R. Stone, Esq., appears both in the answer and the agreed statement of facts as attorney for said defendants, and the transcript of the minute entries shows his presence in court in their behalf on the day when the case was submitted, and also on the day when the judgment was rendered.

In the complaint which was filed by the appellants in the case now before us, we find the following averments: "Complainants allege that they were and are now non-residents of the territory of Arizona, residing in Chicago, Illinois, and not familiar with what was passing in the courts of Arizona, and for that information depended exclusively upon their attorney, W. F. Stone, a resident of Florence, Arizona. Complainants never knew of the entry of the judgment of February 27, 1900, until about the 18th day of January, 1902. . . . Complainants were never informed by W. R. Stone, their local attorney, of the existence of said judgment aforesaid. . . . If they had known of it, they would have taken prompt action to have the same reversed or set aside. Complainants further allege, upon information and belief, and they verily believe, that, at the date of the entry of the judgment aforesaid, W. R. Stone was a very sick man, and not in a condition of mind and body to properly attend to complainants' business, and that he did not know of the entry of said judgment; that said attorney a few months thereafter departed this life, otherwise he would have informed complainants of the same." It thus appears affirmatively from the allegations of their own pleading that the attorney who, as the records show, conducted the defense of case No. 936, was the authorized representative of the appellants. There was no evidence whatever introduced on the trial to sustain the allegations respecting Mr. Stone's incapacity, his ignorance of the fact of the judgment, or concerning the time of his death, while, on the other hand, as we have seen, the minute entry recites that he was in court at the rendition of the judgment. In a majority of the states the courts have steadily refused to set aside a judgment on the sole ground of the neglect or carelessness of the attorney for the party against whom it was rendered. The act or omission of the attorney is the act or omission of the client, and no negligence will be excusable in the former which would not be excusable in the latter. Black on Judgments, 2d ed., sec. 341, and the author's citation of cases. The principle is well settled that courts of equity will not interfere to grant relief against a judgment unless it appear that the party complaining could not avail himself of his defense in the action, or that he was prevented from doing so by fraud, accident, or mistake, without fault

or negligence on his part. Each and all of these grounds of equity jurisdiction are wholly wanting in the present case.

The first, second, third, fifth, and tenth assignments of error are but general and indefinite. They point us to nothing specific, and utterly fail to comply with the express provision of our rules. The fourth, sixth, eighth, and ninth assignments. are of errors alleged to have been committed on the trial of case No. 936, and cannot be considered in the case at bar. Of the former case, it is only necessary to say that it appears the court had jurisdiction of the parties and of the subject-matter, and rendered a valid judgment.

We have carefully examined the proceedings in the case which is before us on this appeal, and can find no ground which would warrant us in disturbing the judgment of the lower court. That judgment will therefore be affirmed.

Kent, C. J., and Sloan, J., concur.